IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD VERRECCHIO, | CIVIL DIVISION |
| Plaintiff; | Docket No.: |
| vs. | |
| CITY OF PHILADELPHIA, | |
| | COMPLAINT IN CIVIL ACTION |
| Defendant. | Filed on behalf of Plaintiff: RICHARD VERRECCHIO |
| | Counsel of Record for this Party: Steven Auerbach, Esquire Law Office of Steven T. Auerbach 822 Montgomery Ave. Suite 210 Narberth, PA. 19072 Ph: (215) 964-4410 Fax: (610) 667-7305 Steven@TheAuerbachFirm.com Pa. I.D. #317309 |

**JURY TRIAL DEMANDED**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD VERRECCHIO, ) <br> Plaintiff; ) <br> ) <br> vs. ) <br> ) <br> CITY OF PHILADELPHIA, ) <br> Defendant. ) | CIVIL DIVISION <br><br> Docket No.: |

## I. COMPLAINT IN CIVIL ACTION

Richard Verrecchio ("Mr. Verrecchio" or "Plaintiff"), by and through his attorney, Steven Auerbach, complaining of City of Philadelphia ("Defendant" or "Employer"), alleges:

## II. INTRODUCTION

1. This action is brought to remedy claims of employment discrimination on the basis of sex and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.* and under the Pennsylvania Human Relations Act, 43 PA. Cons. Stat. § 951 *et seq.*

2. Plaintiff seeks injunctive and declaratory relief, economic, compensatory, attorneys' fees and all other appropriate relief pursuant to governing law.

## III. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violation of federal laws. There lies supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

4. This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over

Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S, 310 (1945) and its progeny.

5. Pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and Defendants are deemed to reside where they are subject to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

## IV. PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult, caucasion individual who resides in Bucks County, Pennsylvania.

8. At all times relevant to this action, Plaintiff was and remains an "Employee" of the Defendant within the meaning of 42 U.S.C. §2000e-f and related state law(s).

9. Defendant City of Philadelphia is a political subdivision organized under the laws of Pennsylvania with a principal place of business in Philadelphia, Pennsylvania.

10. Defendant was and remains an "Employer" of the Plaintiff within the meaning of 42 U.S.C. §2000e-(b), (g), and (h) and related state law(s).

11. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

12. Defendant has and continues to employ over five hundred (500) employees per calendar year for at least the last five (5) years, and Defendant engages in a variety of revenue-generating, business relationships.

## V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

13. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

14. Plaintiff has exhausted his administrative remedies.

15. On March 27, 2019, Plaintiff filed a complaint of hostile work environment, sexual harassment, and retaliation with the Mayor's Office of Labor Relations ("Office of Labor Relations") against his supervisor and agent of Defendant, Sheriff Jewell Williams ("Sheriff Williams") and related actors.

16. Plaintiff then filed a timely initial charge of employment discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on March 27, 2019 and directed same to cross-file with the Pennsylvania Human Relations Commission ("PHRC").

17. Plaintiff received his Right to Sue Notice from the EEOC on June 21, 2019.

18. Plaintiff commenced an initial, un-amended action within ninety (90) days of receipt of his Right to Sue Notice.

## VI. FACTUAL ALLEGATIONS

19. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

20. In March of 1992 and extending through the present (the "Term of Employment"), Plaintiff worked for Defendant in a variety of capacities.

21. The latter portion of the Term of Employment was marred by disparate treatment, harassment related to race (Mr. Verrocchio is white) and retaliation related to his participation/perceived participation in various intra-office sexual harassment complaints.

22. Plaintiff's supervisor, Sheriff Williams, harbored certain anti-white prejudices that he announced in and around the office on numerous occasions, including:

    a. "I don't trust white people;" and

    b. "I don't like white people- they are devils;" and

    c. "What, my [black] people are no good, buy all these fucking white people are good!?;" and

    d. "Are we switching up to white people now?;" and

    e. "I would hire a black person before I would hire a white person;" and

    f. "I don't trust when there are only white people in an office with the door shut."

23. Sheriff Williams would also flaunt his anti-white animus by attempting to publicly disparage light-skinned latino individuals such as Jennifer Algarin-Barnes by referring to them as "looking white." Additionally, Sheriff Williams falsely accused Plaintiff (who is a married man) of being the father of a coworker's child because, "It looks white" and even said that Plaintiff was trying to avoid paying child support.

24. As a white man, Plaintiff was deliberately excluded from certain work events and opportunities: on a date to be identified in discovery, a picture was taken to highlight the "diversity" of the Sheriff's office. Plaintiff was excluded from this picture, and in his stead appeared an african american, non-employee contractor. On another occasion, Sheriff Williams announced to a subordinate under threat of termination, "Verrecchio better not be invited to this [party]."

25. Plaintiff was also excluded from participating in Commanders' Meetings- depriving him of opportunities to advance his career and to increase his knowledge of department initiatives.

26. Plaintiff, as a white man, was never offered paid training or the customarily offered take-home car given to newly appointed captains. When Plaintiff complained, Sheriff Williams retaliated by demanding that he obtain ten new, unmarked cars.

27. Sheriff Williams denied Plaintiff's request to take on additional areas of responsibility, but acquiesced to identical requests made by similarly-situated, african american employees. Worse still, Plaintiff was stripped of his security responsibilities relative to 100 S. Broad Street and those responsibilities were given to an aftrican american employee.

28. Similarly, Sheriff Williams denied Plaintiff's request that his (white) daughter be hired, but acquiesced to identical requests made by similarly-situated, non-white employees.

29. Because of Plaintiff's race, Sheriff Williams attempted to belittle him in various ways including shouting in front of his staff that, "Verrecchio makes the most money!" or by attempting to reduce Plaintiff's operational significance, by omitting his areas of responsibility from the supervisory radio call sign list.

30. Sheriff Williams further attempted to coerce Plaintiff into purchasing a timeshare that he owned. When Plaintiff refused, Sheriff Williams reduced Plaintiff's overtime.

31. Sheriff Williams also attempted to improperly coerce Plaintiff into not filing a grievance against an african american employee: "Verrecchio, you better not do that."

32. Appearing visibly depressed as to how he was treated in the office, Sheriff Williams encouraged Plaintiff to kill himself. Sheriff Williams then offered him guidance on how to "properly do it" and that his suicide would be rewarded through a posthumous promotion to Chief Deputy and that he would "shut down Broad Street" by giving him a lavish funeral with honor guard and parade.

33. Shortly thereafter, Sheriff Williams said a "nursery rhyme" within earshot of Plaintiff about Plaintiff's death.

34. Sheriff Williams also retaliated against Plaintiff on the basis of his perceived association with Delores Ramos and his "failure" to prevent Delores Ramos from initiating/escalating her legal action against the Defendant.

35. Sheriff Williams openly accused Plaintiff of failing to prevent Ms. Ramos' $460,000.00 sexual harassment settlement because she was "his girl." And, when it was announced in the office that Ms. Ramos has settled her case, Sheriff Williams threatened to strip Plaintiff of additional responsibilities.

36. Sheriff Williams openly flaunted his desire to punish Plaintiff and on one occasion said, "I know how to get him."

37. In further retaliation Sheriff Williams openly expressed to others in and around the office of his intention to "get" Plaintiff after his reelection.

### COUNT I: VERRECCHIO V. CITY OF PHILADELPHIA
### Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")
### Violations of the Pennsylvania Human Relations Act ("PHRA")
### (Race)

38. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

39. In violation of Title VII of the Civil Rights Act of 1964 and PHRA, Defendant discriminated against Plaintiff on the basis of his and by failing to protect him from pier/supervisor misconduct.

40. Defendant acted knowingly, willfully, and/or negligently in violation of these Acts.

41. Plaintiff has suffered and continues to suffer irreparable mental and physical injury as well as monetary damages as a result of Defendant's discriminatory conduct as described herein.

## COUNT II: VERRECCHIO V. CITY OF PHILADELPHIA
### Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")
### Violations of the Pennsylvania Human Relations Act ("PHRA")
### (Retaliation)

42. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

43. In violation of Title VII of the Civil Rights Act of 1964 and the PHRA, Defendant retaliated against Plaintiff for failing to suppress others from exercising their legal rights and from testifying adversely against his supervisor.

44. Defendant acted knowingly, willfully, and/or negligently in violation of these Acts.

45. Plaintiff has suffered and continues to suffer irreparable mental and physical injury as well as monetary damages as a result of Defendant's retaliatory conduct as described herein.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter an Order providing:

a. That the Court issue a declaratory judgment that the acts, policies, and practices complained herein are in violation of Title VII and the PHRA; and

b. That the Court enjoin Defendant from continuing its acts, policies, and practices which violate Title VII and the PHRA; and

c. Directing Defendant to reinstate Plaintiff to the position he would have occupied but for Defendant's unlawful conduct, making her whole for all earning she would have received but for Defendant's unlawful conduct, including but not limited to wages, bonuses and other lost benefits; and

d. Directing Defendant to make Plaintiff whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, with interest, in amounts to be determined at trial pursuant; and

e. Directing Defendant to make Plaintiff whole by providing compensation for past and future non-pecuniary losses caused by the above unlawful conduct, including pain and suffering, emotional distress, indignity, loss of enjoyment of life, loss of self-esteem, and humiliation, in amounts to be determined at trial; and

f. Granting such other relief as the Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to FRCP 38(b), Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: 6/21/19                                   Respectfully Submitted,

By: _____

Steven Auerbach
822 Montgomery Ave.
Suite 210
Narberth, PA. 19072
Ph:  (215) 964-4410
Fax: (610) 667-7305

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD VERRECCHIO,<br>      Plaintiff; | CIVIL DIVISION |
| vs. | Docket No.: |
| CITY OF PHILADELPHIA,<br>      <u>Defendant.</u> | |

## **VERIFICATION**

  I, Richard Verrecchio, hereby state I am the plaintiff in this action, and I verify that the statements made in the foregoing pleading are true and correct to the best of my knowledge, information and belief. I understand that false statements made herein are subject to the penalties of 28 U.S.C. §1746 relating to unsworn falsification to authorities.


Dated: 6/21/19          _/s/ Richard Verrecchio_
                      RICHARD VERRECCHIO

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS** Richard Verrecchio

**DEFENDANTS** City of Philadelphia

**(b)** County of Residence of First Listed Plaintiff: Bucks / Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Law Office of Steven T. Auerbach
822 Montgomery Ave, Suite 210
Narberth, PA 19072  (215) 964-4410

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | PROPERTY RIGHTS | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | LABOR | SOCIAL SECURITY | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 791 Employee Retirement Income Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | IMMIGRATION | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / Other: ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII + PHRA
Brief description of cause:
Employment Discrimination + Retaliation

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ $400,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE 6/21/19
SIGNATURE OF ATTORNEY OF RECORD _____

FOR OFFICE USE ONLY

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

Richard Vecrecchio                     :          CIVIL ACTION
                                       :
            v.                         :
                                       :
City of Philadelphia                   :          NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                                           ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                                                  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.                      ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                                           ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                                              ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.                                  (X)


6/21/19                          Steven Auerbach                    Plaintiff
**Date**                         **Attorney-at-law**                **Attorney for**

(215) 964-4410                   (610) 667-7305                     Auerbach.Steven@gmail.com
**Telephone**                    **FAX Number**                     **E-Mail Address**


(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 5392 Loux Dr. ~~5392~~ Doylestown, PA 18902

Address of Defendant: One Parkway, 14th Floor, 1515 Arch Street, Philadelphia, PA 19103

Place of Accident, Incident or Transaction: Philadelphia

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 6/21/19   Steven Averbuch   317319
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*

1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [X] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify):* _____

B. *Diversity Jurisdiction Cases:*

1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Steven Averbuch, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[X] Relief other than monetary damages is sought.

DATE: 6/21/19   Steven Averbuch   317319
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.